```
           IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FORT SMITH DIVISION
```

**CSK PARTNERS, LLC**                                                  **PLAINTIFF**

    V.                              NO. 09-2106

**LG ELECTRONICS U.S.A., INC.,**
a foreign corporation,
**NI GROUP, LLC,** a foreign
corporation, and **AMERICAN
EXPRESS BANK, FSB,** a foreign
corporation                                                            **DEFENDANTS**

**AMERICAN EXPRESS BANK, FSB**                                         **CROSS-CLAIMANT**

**NI GROUP, LLC**                                                      **CROSS-DEFENDANT**

### O R D E R

    Now on this 13th day of January 2011, comes on for consideration the **Motion for Default Judgment (Doc. 97)** filed by Defendant/Cross-Claimant LG Electronics USA, Inc. ("LG") against Defendant/Cross-Defendant NI Group, LLC. The Court, being well and sufficiently advised, finds and orders as follows:

    1.  Plaintiff, CSK Partners, LLC ("CSK") is in the business of constructing and operating hotels both within and outside the state of Arkansas. On April 3, 2009, CSK ordered 352 televisions from NI Group, LLC, which is a distributor of LG-brand televisions. CSK asserts that NI Group, LLC, forged charges on its American Express credit card for the purchase of these televisions, and did not deliver all of the televisions that CSK had ordered.

    2.  On July 23, 2010, LG filed a cross-claim against NI Group, LLC. Specifically, LG asserts that it is entitled to contribution from NI Group, LLC, toward any liability it has to CSK

in this lawsuit.  LG further asserts that it is entitled to a declaratory judgment that it has "fully performed any and all obligations that it had between it and its customer, NI Group and/or NI Group's principal, CSK."

    3.   LG shows by Affidavit of Counsel that on August 5, 2010, Defendant/Cross-Defendant NI Group, LLC, was served by process server on its registered agent for service of process, Corporation Services Company.  The record contains no responsive pleading by NI Group, LC.

    4.   On December 1, 2010, CSK, American Express and LG reached a settlement of all claims asserted against LG.  As shown by Affidavit of Counsel, NI Group, LLC, ordered the televisions from LG and LG delivered said televisions, as requested, to NI Group, LLC.  It is further stated that LG delivered said televisions, as requested, to NI Group, LLC.  However, the parties believe that NI Group, LLC, converted the televisions without the knowledge of LG and to the detriment of CSK.

   In connection with that settlement, LG agreed to pay CSK $118,333.00 in full settlement of all claims against LG.

    5.   On December 22, 2010, the Clerk of Court entered Default against by NI Group, LLC, for failure to answer LG's Cross-Complaint.

    6.   On December 28, 2010, LG filed the present motion for default judgment against NI Group, LLC, and asks this Court to enter judgment against NI Group, LLC, in the amount of $118,333.00

-- the amount of the settlement payment from LG to CSK -- and for a declaratory judgment that LG has "fully performed any and all obligations that it had between it and its customer, NI Group and/or NI Group's principal, CSK."

7.   The Court finds that Defendant NI Group, LLC, is in default for its failure to answer or otherwise defend itself against LG's cross-claim.  Once the Court determines that a defendant is in default, the factual allegations of the complaint, "except those relating to the amount of damages, will be taken as true."  *Wright, Miller & Kane, Federal Practice & Procedure Civil 3d*, § 2688.  Although a default judgment may be warranted based on a party's failure to defend, F.R.C.P. 55(b)(2) allows the court to hold a hearing if the court deems it necessary and proper to enable the court to determine the amount of damages.  The Court finds that such a hearing is appropriate in this case.

   **IT IS THEREFORE ORDERED** that LG's **Motion For Default Judgment** against NI Group, LLC (Doc. 97) is hereby **GRANTED** on the issue of liability only.

   **IT IS FURTHER ORDERED** that, pursuant to F.R.C.P. 55(b)(2), the Court will take up the issue of the amount of damages to be adjudged against NI Group, LLC, at a separate hearing to be held on **March 7, 2011, at 1:30 p.m.**

   **IT IS SO ORDERED.**

                                        /s/JIMM LARRY HENDREN
                                        JIMM LARRY HENDREN
                                        UNITED STATES DISTRICT JUDGE