IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CSK PARTNERS, LLC                                           PLAINTIFF

v.                     Case No. 2:09-CV-02106

LG ELECTRONICS U.S.A., INC.,
a foreign corporation,
NI GROUP, LLC, a foreign
corporation, and AMERICAN
EXPRESS BANK, FSB, a foreign
corporation                                                DEFENDANTS

AMERICAN EXPRESS BANK, FSB
and LG ELECTRONICS USA, INC.                          CROSS-CLAIMANTS

NI GROUP, LLC                                         CROSS-DEFENDANT

## **DEFAULT JUDGMENT ON DAMAGES**

The Court Clerk has entered defaults against separate Defendant NI Group, LLC ("NI Group") in favor of Plaintiff CSK Partners, LLC ("CSK") (Doc. 24), separate Defendant/Cross-Claimant American Express Bank, FSB ("American Express") (Doc. 98) and separate Defendant/Cross-Claimant LG Electronics U.S.A., Inc. ("LG") (Doc. 94). The Court has also granted Motions for Default Judgment against NI Group on behalf of CSK (Doc. 45), American Express (Doc. 102) and LG (Doc. 100) on the issue of liability. A hearing was held on March 7, 2011 to determine the amount of damages to be adjudged against NI Group. Counsel for CSK has also filed a Motion for Attorneys' Fees (Doc. 104).

Upon consideration of the parties' affidavits in support of default and all evidence and argument presented at the hearing, IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff CSK shall have and

recover from separate defendant NI Group, judgment in the amount of $45,065.71 for losses over and above any contributions made by American Express and LG through settlement. This judgment amount shall bear interest at the prevailing legal rate of 0.26% per annum from the date of entry of this order until paid. *See* 28 U.S.C. § 1961.

Because the amount of underlying liability in this case is readily ascertainable, and in order to make CSK whole, the Court also awards pre-judgment interest to CSK. *See Stroh Container Co. v. Delphi Ind., Inc.,* 783 F.2d 743, 752 (8th Cir. 1986). Under Arkansas law and precedent, pre-judgment interest in contractual disputes where there is no agreed upon rate of interest, is set at a rate of 6%. *See e.g., Lovell v. Marianna*, 267 Ark. 164 (1979)(citing Ark Const. art. 19, § 13). Because CSK's initial deposit payment to NI Group exceeded by at least the judgment amount to CSK any value that CSK subsequently received from NI Group through delivery of televisions, pre-judgment interest is awarded to CSK for the period of time from the initial payment from CSK to NI Group on April 3, 2009 until the date of judgment. Consequently, CSK will receive interest at a rate of $7.408 per day for 710 days, resulting in a total amount of pre-judgment interest of $5,259.72.

Default judgment was entered against NI Group on behalf of CSK on several claims, including a breach of contract claim. Under Arkansas law, the prevailing party in a breach of contract case "may be allowed reasonable attorney's fees to be assessed by the

court and collected as costs." Ark.Code Ann. § 16-22-308. The Court should consider various factors when determining the reasonableness of attorney's fees, including but not limited to (i) the experience and ability of the attorney; (ii) the time and labor required to perform the service properly; (iii) the novelty and difficulty of the issues involved; (iv) the fee customarily charged for similar services in the area. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229 (1990).

Counsel for CSK has substantiated, by Motion for Attorneys Fees (Doc. 104) and attached exhibit submitted to the Court, a total of $105,279.87 in attorney's fees billed to CSK in litigating this case. However, CSK incurred those expenses, in large part, in litigating claims against LG and American Express, with whom it has settled. The Court assumes that the settlement agreement between the parties included a resolution of any claims for attorney's fees. In its Motion for Default Judgment as to NI Group (Doc. 23), CSK claimed attorneys' fees in the amount of $7,400 and costs in the amount of $217.35. Any fees or costs attributable to litigation against NI Group after entry of default, in the Court's opinion, would have been minimal. After a review of the billings submitted by counsel for CSK as well as court filings, the Court finds that a reasonable amount of attorney's fees attributable to litigation against NI Group in this matter is $10,000. The Court therefore awards attorney's fees to CSK, to be paid by NI Group, in the amount of $10,000. CSK is also awarded $217.35 for costs, which the Court finds to be a reasonable expenditure. Said attorney's fees and costs shall bear interest at the prevailing legal rate of 0.26%

per annum from the date of entry of this order until paid. 28 U.S.C. § 1961.

IT IS FURTHER ORDERED AND ADJUDGED that Separate Defendant/Counter-Claimant American Express shall have and recover from separate Defendant NI Group, judgment in the amount of $128,333.00. Separate Defendant/Counter-Claimant LG shall have and recover from separate Defendant NI Group, judgment in the amount of $118,333.00. These judgment amounts shall bear interest at the prevailing legal rate of 0.26% per annum from the date of entry of this order until paid. *See* 28 U.S.C. § 1961. The Court also finds it appropriate to grant LG's request and enter a declaratory judgment that LG has fully performed any and all obligations that it had between it and its customer, NI Group and/or NI Group's principal, CSK.

Any and all motions still pending in this case are hereby DENIED as MOOT.

IT IS SO ORDERED this 16th day of March 2011.

/s/ Paul K. Holmes, III
Paul K. Holmes, III
United States District Judge